BWW#:VA-351910

## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

IN RE:  
RICHARD S. ERB  
HEIDI BRENNAN-ERB  
    Debtors

Case No. 17-60676-RBC

Chapter 13

_____

FREEDOM MORTGAGE CORPORATION  
    Movant

v.

RICHARD S. ERB  
HEIDI BRENNAN-ERB  
    Debtors/Respondents  
and  
HERBERT L. BESKIN  
    Trustee/Respondent

### IMPORTANT NOTICE

**Freedom Mortgage Corporation ("Freedom") is firmly committed to helping its borrowers who are experiencing a hardship. Depending on the circumstances of your case, Freedom may be amenable to consensual resolution of this matter, with Court approval. Potential options for resolution may include, among other things, temporary forbearance of payments, payment restructuring and/or adjustment of your payment amount. If you (or, if applicable, any co-debtors) have experienced a hardship, please contact us (or have your counsel contact us, if you are represented) promptly to discuss possible options.**

### MOTION FOR RELIEF FROM AUTOMATIC STAY

    Freedom Mortgage Corporation ("Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362, for relief from the automatic stay, with respect to certain real property of the Debtors having an address of 587 Toll Gate Road, Concord, VA 24538 (the "Property"), for all purposes allowed by the Note (defined below), the Deed of Trust (defined below), and applicable law, including but not limited to the right to foreclose. In further support of this Motion, Movant respectfully states:

    1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 & 157.

    2.    A petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtors on April 3, 2017.

3. A Chapter 13 Plan was confirmed on December 4, 2017.

4. The Debtors have executed and delivered or are otherwise obligated with respect to that certain promissory note in the original principal amount of $226,376.00 (the "Note"). A copy of the Note is attached hereto. Movant is an entity entitled to enforce the Note.

5. Pursuant to that certain Deed of Trust (the "Deed of Trust"), all obligations (collectively, the "Obligations") of the Debtors under and with respect to the Note and the Deed of Trust are secured by the Property. The lien created by the Deed of Trust was perfected by recording of the Deed of Trust in the office of the Clerk of the Circuit Court of Campbell County, Virginia. A copy of the recorded Deed of Trust is attached hereto.

6. Effective on or about October 21, 2014, the terms of the note and Deed of Trust were modified by a written agreement (the "Loan Modification Agreement"). A copy of the Loan Modification Agreement is attached hereto.

7. The legal description of the Property is:

> All that certain tract or parcel of real estate together with the buildings and improvements thereon and the easements and appurtenances thereunto belonging being in Long Mountain Magisterial District, Campbell County, Virginia, on State Route 658, containing 20 acres and designated as Lot 1-A of PARCEL A on a plat of survey by John D. Jacobs, C.L.S., dated November 21, 1979, a copy of which is recorded in the Clerk's Office of the Circuit Court of Campbell County, Virginia, in Deed Book 557, page 495.
>
> It being the same property conveyed Richard S. Erb and Heidi B. Erb, his wife, from Overbey Family Partnership, LLLP, a Virginia Limited Liability Partnership, by deed dated June 17, 2011, which deed is recorded in the aforesaid Clerk's Office as Instrument No. 110003075.
>
> The property hereby conveyed is subject to all easements, rights-of-way, reservations and restrictions which may appear of record in the aforesaid Clerk's Office.
>
> Pursuant to Sec. 58.1-803(D) This deed of trust is to refinance an existing debt, recorded as Instrument No. 110003076.

8. As of October 15, 2021, the outstanding amount of the Obligations due to the Movant, less any partial payments or suspense balance is:

| | |
|---|---:|
| Unpaid Principal Balance | $202,714.66 |
| Unpaid, Accrued Interest | $7,730.77 |
| Uncollected Late Charges | $0.00 |
| Mortgage Insurance Premiums | $0.00 |
| Taxes and Insurance Payments on behalf of Debtors | $1,419.22 |
| Other Costs | $3,043.29 |
| Less: Partial Payments | $-435.05 |
| Minimum Outstanding Obligations | $214,472.89 |

9. The following chart sets forth the number and amount of postpetition payments due pursuant to the terms of the Note that have been missed by the Debtor as of October 15, 2021:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Missed Payments |
|---|---|---|---|---|
| 3 | 08/01/2021 | 10/01/2021 | $1,436.03 | $4,308.09 |
| | | Less postpetition partial payments (suspense balance): | | $-435.05 |

**Total Postpetition Payments:    $3,873.04**

10. In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested in this Motion, Movant has also incurred $1,050.00 in legal fees and $188.00 in costs.

11. The estimated value of the Property is $209,700.00. The basis for such valuation is Debtors` schedules.

12. Cause exists for relief from the automatic stay for the following reasons:

    a. Movant's interest in the Property is not adequately protected. Movant's interest in the collateral is not protected by an adequate equity cushion.

    b. Post-petition payments required by the confirmed plan have not been made to Movant.

    c. Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtors have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1.     Relief from the stay for all purposes allowed by the Note, the Deed of Trust, and applicable law, including but not limited to allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2.     That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

3.     For such other relief as the Court deems proper.

Respectfully Submitted,

Dated: October 22, 2021

/s/ Kathryn H. Kellam
Kathryn H. Kellam VSB# 82277
BWW Law Group, LLC
8100 Three Chopt Rd.
Suite 240
Richmond, VA 23229
(804) 282-0463 (phone)
(804) 282-0541 (facsimile)
bankruptcy@bww-law.com
*Counsel for the Movant*

## CERTIFICATE OF SERVICE

I certify that on this 22nd day of August, 2021, the following person(s) were or will be served with a copy of the foregoing Motion for Relief from Automatic Stay electronically via the CM/ECF system or by first class mail, postage prepaid:

Herbert L. Beskin, Trustee
123 East Main St., Ste. 310
Charlottesville, VA 22902

Richard S Erb
587 Toll Gate Rd
Concord, VA 24538

Stephen E. Dunn, Esq.
201 Enterprise Drive, Suite A
Forest, VA 24551

Heidi Brennan-Erb
587 Toll Gate Rd
Concord, VA 24538

/s/ Kathryn H. Kellam
Kathryn H. Kellam, Esq.